DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
dmezias@akingump.com
lbertko@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501

GLORIA C. JAN (SBN 165440)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile:   310.229.1001
gjan@akingump.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

*NOTE CHANGES MADE BY THE COURT.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS P. NAPIER, individually and on behalf of other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. and DOES 1 through 10,<br><br>    Defendants. | Case No. CV-12-08999-PA (PLAx)<br><br>[~~PROPOSED~~] ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL |

INTRODUCTION

Plaintiff alleges that defendant Home Depot U.S.A., Inc. failed to pay all overtime compensation owed, and failed to provide accurate wage statements. The parties anticipate that during the course of this litigation they will rely on confidential employment and policy information relating to the defendant's policies. The parties agree that the protective order herein requested is necessary to protect confidential and private information, including proprietary business records of defendant and employment and wage records pertaining third parties, from disclosure, since disclosure could cause irreparable harm. Discovery may also involve confidential, proprietary, or private information for which special protection from public disclosure and use for purposes other than this litigation would be proper. Accordingly, good cause exists for the entry of a protective order regarding confidential discovery material in accordance with the terms set forth below.

The parties hereby agree that the Court enter the following Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulated Protective Order") with respect to pre-trial discovery. This Stipulated Protective Order will govern documents and information produced by the parties in *Napier v. Home Depot U.S.A., Inc.*, Civil Action No. CV-12-08999-PA (PLAx).

I.   DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

   A.   During the course of this litigation, any party may seek to have discovery material classified as "confidential" if the designating party in good faith believes that it contains confidential or personal information regarding current or former Home Depot employees, confidential commercial or proprietary information, trade secrets, or any other confidential protected information under state or federal law. Discovery material that is so designated is referred to herein as "confidential material." The designating party will mark each page "confidential" of any document designated as such. The designation will be made to avoid obscuring or defacing any portion of the discovery

material. Should any party, counsel for any party, or any person not a party to this action, who obtains access to any confidential material make copies of or from such material, the material will also be designated confidential and all references in this Stipulated Protective Order will be deemed to apply to such copies. In the event that marking each page of a document or group of documents as confidential would cause burden, the designating party may instead designate a range of documents or pages, identified by Bates numbers, accompanied by a writing clearly identifying the range as confidential. Testimony based on information designated confidential will be identified by a statement on the record or marking as confidential documents or selected pages of documents containing such testimony.

   B.   If any party, through inadvertence, fails to designate discovery material as confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the confidential designation and to the extent practicable the discovery material will be treated as confidential material from the date of receipt of such notice. If a party designates discovery material confidential and later determines that such discovery material should not have been so designated, it will provide written notice of the removal of the designation and a copy of the discovery material without the confidential marking.

   C.   All confidential material and any portion thereof, including copies thereof, and any information derived therefrom, will be deemed confidential and will be for use in these proceedings only, including purposes that may be considered ancillary to this action, but are related to the resolution of the claims asserted in the action, such as the mediation, negotiation, or voluntary arbitration of one or more of the asserted claims.

   D.   All confidential material, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the parties' counsel; (c) stenographic reporters; (d) the named parties; (e) any current or former officers, directors, or employees of the parties who are

needed to assist counsel in this action; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by signing the form attached as exhibit A (discussed below in section II); (f) any retained expert witness or consultant retained regarding this action; (g) witnesses at, and in preparation for, deposition, trial, or hearing in this action, or whom counsel has otherwise determined are required to review the information in order for counsel to properly prosecute or defend this matter, and (h) outside vendors who perform photocopying, data entry, or similar clerical functions. Confidential material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court.

E.  Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose. Confidential materials may not be used in any other legal action, unless the designating party certifies in writing that such a use is permitted.

II.  CONDITIONS OF DISCLOSURE

A.  As set forth in paragraph I.D. above, prior to the disclosure of confidential material to the persons qualified to receive it but required to execute exhibit A, counsel for the requesting party will secure from each such person the signed exhibit A, which provides that he or she (i) has read this Stipulated Protective Order, (ii) will not divulge any confidential material except in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the Stipulated Protective Order, and (iii) will not use the material for any other purpose.

B.  Confidential material will be copied only by the parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order. Control and distribution of confidential material will be the responsibility of counsel, who will maintain a list of all persons to whom confidential material has been disclosed and the written form executed by such

persons as provided in paragraphs I.D and II.A. In the event of any question of improper disclosure under this section, the Parties agree that all such disputes shall be resolved according to the procedure set forth in Civil Local Rule 37. To the extent either party wishes to file a joint stipulation pursuant to Civil Local Rule 37 under seal, that party must file an ex parte application showing that good cause exists to file the joint stipulation under seal.

      C.    The restrictions set forth in this Stipulated Protective Order will not apply to: (a) information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) defendants (or their affiliates), with respect to their own information or information received or created during the normal course of their business. Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential will be determined according to the standards and procedures set forth herein.

      D.    If material is produced by a third party to the litigation (i.e., by subpoena) that any party believes to be confidential, it may designate the material by marking it confidential and providing the marked copy to the other parties. The other parties will then either (i) agree to treat the material as confidential pursuant to the terms of this Stipulated Protective Order, or (ii) inform the designating party that they do not agree that the material should be governed by the terms, but nevertheless treat the material as confidential hereunder for a period of at least 20 days from notice of the confidentiality designation, to give the party desiring protection time to seek appropriate relief from the Court. Treatment of the material as confidential hereunder will continue until the Court resolves the issue.

III. **PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

A. To designate confidential information in testimony, the designating party will (i) make an oral statement to that effect on the record, or (ii) notify the recipients in writing at any time up to 20 days after receipt of the transcript.

B. If any confidential material is marked as an exhibit in a deposition and its contents are disclosed in the course of the testimony at such proceeding, counsel for the parties will (i) advise the reporter that the exhibit(s) refer to confidential material or (ii) notify the recipients in writing at any time up to 20 days after receipt of the transcript. In either instance, the exhibit itself, as well as the portions of the transcript containing such disclosure, will be marked confidential and will be deemed confidential material. To this end, the reporter will not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and the witness' counsel.

IV. **USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS**

To the extent a party intends to file under seal material that was previously designated by any party as confidential material, the filing party must comply with Civil Local Rule 79-5. Any document designated as confidential material is deemed appropriate for filing under seal only if the party intending to file it as such also submits an application complying with Civil Local Rule 79-5 showing good cause for the material to be filed under seal, and which application is subsequently granted by the Court. The application must be directed to the judge to whom the papers are directed. For motions, the parties will publicly file a redacted version of the filing. Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Nothing in this paragraph will prevent the parties from conferring before any filing in an effort to resolve any dispute regarding whether sealing is necessary. Failure to seal a document does not waive its confidentiality designation.

## V. CHALLENGING A CONFIDENTIAL DESIGNATION

If at any time during this litigation a party disputes the designation of discovery material as confidential, the objecting party will notify the designating party in writing by facsimile or electronic mail of such dispute. The notice will identify the material in dispute and explain the basis for the objection. The designating party will have 10 days to provide a written response by facsimile or electronic mail to the notice, explaining its reason for designating the material at issue as confidential. Should the objecting party dispute such reasons, it will so notify the designating party, and the objecting party will have 20 days from the date of such notice to seek appropriate relief from the Court. In the event a party disputes the designation of discovery material as confidential prior to the start of trial, the parties will follow the procedures set forth in Civil Local Rule 37 to resolve the dispute (including the joint stipulation requirement). During the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material is properly designated as confidential. In the event of a dispute, the parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

## VI. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party seeking production or disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena. The subpoenaed party will not produce or disclose any of the confidential material for a period of seven business days, if possible without violating the subpoena, after providing such notice to the other party, and in no event will such production or disclosure be made before such notice is provided. If, within this seven business day period, Court relief is sought pursuant to Local Rules 37-0 to 45 objecting to or seeking to quash or modify the subpoena, the subpoenaed party will wait for resolution, unless the Court orders, or the applicable

rules direct, otherwise. However, nothing contained in this paragraph is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VII. NO RESTRICTIONS

Nothing in this Stipulated Protective Order will (i) restrict any party with regard to discovery material not designated as confidential; (ii) prejudice any party's rights to object to the disclosure of documents or other information that it considers not subject to discovery; (iii) restrict the scope of discovery; or (iv) prejudice any party's right to seek greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.

Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege.

## VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after the conclusion of this action, including any appeals, all materials designated as confidential material, and copies thereof, will be returned to the designating party. This provision will not apply to court filings or copies of pleadings, briefs, or correspondence maintained by the parties' counsel in the ordinary course of business. The parties may agree that, instead of returning the confidential material, it will be destroyed, with appropriate verification of destruction.

## IX. BINDING EFFECT

In the event the Court does not execute this Stipulated Protective Order, the parties agree to meet and confer in good faith to revise the stipulation to conform to the Court's specifications, if any, and submit a revised Order within 15 days of the Court's denial of entry of the Order. In the interim, the parties agree that this stipulation will be binding as a contract between the parties and their respective counsel until the Court's entry of an acceptable order.

Once executed, this Stipulated Protective Order will remain in effect at all times during which any party or any person having executed the attached exhibit A retains in his, her, or its possession, custody, or control any confidential material. To the extent that confidential discovery material is introduced at trial, the protections of this protective order do not extend beyond the commencement of trial, unless, on the motion of the designating party with good cause showing, the district judge orders otherwise.

X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no confidential material will be disclosed to such other parties except upon their written agreement to be bound by the provisions of this Stipulated Protective Order.

XI. ADDITIONAL RIGHTS

This Stipulated Protective Order is without prejudice to the right of any party to seek, pursuant to Fed. R. Civ. P. 26(c) and Civil Local Rule 37, an order for protection of confidential material which protection is different from or in addition to that provided for in this Stipulated Protective Order. Similarly, all parties expressly reserve the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: 12/17/12

Hon. Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Napier v. Home Depot USA, Inc.*, Civil Action No. CV-12-08999-PA (PLAx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing its terms. If the undersigned individual is incapable of reading and independently understanding the terms of the Stipulation, plaintiff's counsel warrants, by also signing below, that the terms have been fully explained to the individual, and the individual has agreed to be bound by the terms on that basis. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 20____

By: _____
    Signature

    _____
    Printed Name

Of: _____
    Name of Employer

Plaintiff's counsel (if applicable): _____
                                     Signature